322 F.2d 843
 PITCHER CONSTRUCTION COMPANY, Inc., Appellant,
v.
UNITED STATES of America ex rel. WRIGHT BROTHERS
CONSTRUCTION CO., Inc. and the Home Insurance
Company, a New York Corporation, Appellees.
PITCHER CONSTRUCTION COMPANY, Inc., Appellant,
v.
The HOME INSURANCE COMPANY, a New York Corporation, Appellee.
 No. 18637.
 United States Court of Appeals Ninth Circuit.
 Sept. 19, 1963.
 
 McNealy, Merdes & Camarot, and Edward A. Merdes, Fairbanks, Alaska, for appellant.
 Guttormsen, Scholfield, Willits & Ager, and John A. Hamill, Seattle, Wash., for appellee Home Ins. Co.
 Before BARNES, HAMLEY and JERTBERG, Circuit Judges.
 BARNES, Circuit Judge.
 
 
 1
 In this Miller Act case (40 U.S.C. 270a and 270e), the lower court had jurisdiction (28 U.S.C. 1352) over these consolidated cases, as we have on this appeal (28 U.S.C. 1291) from the order below dismissing the causes of action with prejudice, and, by an amended notice of appeal, from the previous orders denying motions to determine attorney's liens, and denying a motion to make the First National Bank of Fairbanks a party defendant.
 
 
 2
 The two cases were assertedly settled by stipulations between the parties. However, the real party in interest here (the law firm of McNealy, Merdes & Camarot) claims the stipulations were but 'partially executed,' because that firm did not join with co-counsel (Stuart G. Oles, Esq.) in signing the same on behalf of Pitcher Construction Company and that said firm is entitled to an attorney's lien in the sum of $2,156.06, plus a 'future fee' of $750.00.
 
 
 3
 The court below (a) denied the validity of the asserted attorney's lien, (b) and denied the motion of Pitcher to make the First National Bank of Fairbanks (escrow trustee of the funds which were dealt with in the stipulated settlement) a party. There being no unsettled issues remaining, the district court dismissed each cause of action.
 
 
 4
 No issue is raised as to the right of appeal. Pitcher Construction Company, a party below, is an appellant.
 
 There are three questions before us:
 
 5
 (1) Did the moving attorneys have a statutory lien under Alaska law (A.S. 34.35.430(a)(3))?
 
 
 6
 If they did not, did they have an equitable lien on the alleged 'proceeds' of their efforts?
 
 
 7
 (3) Should the First National Bank of Fairbanks have been made a party defendant so it could qualify as an 'adverse party' within the Alaska statute quoted above?
 
 
 8
 Alaska Statute 34.35.430(a)(3) reads as follows, in material part:
 
 
 9
 '(a) An attorney has a lien for his compensation, whether specially agreed upon or implied, as provided in this section. * * * ' (3) third, upon money in the hands of the adverse party in an action or proceeding in which the attorney is employed from the giving of notice of the lien to that party.'
 
 
 10
 It is mutually conceded that Alaska law governs. In lien foreclosures, federal courts give effect to state law. 'Federal courts recognize no common law lien of an attorney, but give effect to the laws of the state in which they are held.' 93 A.L.R. 687.
 
 
 11
 The Pitcher Construction Company, Inc., was the appellant in each of the consolidated cases. The Home Insurance Company was an appellee in each. The United States, obligated to pay someone the moneys on hand in payment for work performed, did, pursuant to a stipulation in which all parties joined, pay them to the First National Bank of Fairbands, as trustee.
 
 
 12
 Appellant's claim that this stipulation was signed as a result of alleged 'unlawful coercion of the First National Bank of Fairbanks' may or may not be correct; and appellant may or may not have the right to obtain relief elsewhere[1] from any such alleged conduct, but that does not change the capacity of the bank, which accepted moneys in trust as an agent for Pitcher, to an 'adverse party' to Pitcher in the then pending litigation.
 
 
 13
 When the First National Bank of Fairbanks received the $144,200.36 in funds due Pitcher from the United States Government, it first paid Wright Brothers Construction Company, Inc., a plaintiff in Miller Act proceeding No. F-9-62 against Pitcher, $130,000, and Northern Electric Corporation, a plaintiff in Miller Act proceeding No. F-18-62, $3,891.79; with the balance to be retained by the bank (Tr. pp. 85-89). This supplemented a previous stipulation, executed by all parties, permitting the United States Engineers to pay the funds due on Pitcher's contract to the bank (Tr. pp. 38-42). Thereafter, by stipulation, lodged but not filed and not signed by the parties, the First National Bank of Fairbanks was authorized to pay all moneys, after the $130,000 was paid to the Wright Brothers, to Alaska State Bank 'for Pitcher's Loan Account.' (Tr. 101.)
 
 
 14
 The district court did not pass upon the validity of this purported assignment. (Tr. p. 146.) It does not make the Alasks State Bank an adverse, or any party.
 
 As the court below ruled:
 
 15
 'Inasmuch as Pitcher had, by written agreement, constituted the First National Bank of Fairbanks its agent and trustee, the moneys paid by the United States of America to it on August 30, 1962 did not become moneys in the hands of an adverse party within the meaning of Section 26-8-1-ACLA (1949).'
 
 
 16
 We agree.
 
 
 17
 The Home Insurance Company was technically an 'adverse party' to the litigation, but had no money in its hands. The trial court found:
 
 
 18
 'Home Insurance Company did its utmost to protect te common interests existing between it and Pitcher Constuction Company, pursuant to the terms of the bond and indemnity agreement executed in connection therewith.' (Tr. p. 145.)
 
 
 19
 That the Home Insurance Company was a large creditor of Pitcher does not mean that in this litigation it was an adverse party holding moneys in its hand.
 
 
 20
 Nor do the definitions of 'adverse party' quoted in appellant's brief and all relating to parties litigant, add anything to its position here.
 
 
 21
 We affirm the action of the trial court in holding there was no statutory attorney's lien created.
 
 
 22
 Nor was there any common law lien. The liberal construction required of the attorney's lien statute by the Alaska Supreme Court in Phillips v. Jones, 355 P.2d 166, cannot authorize the courts to create a right which the statute fails to create. Admitted, there is no Alaska law which supports appellant's alternative position. We are not disposed to create a nonstatutory lien on the theory the Alaska legislature, in creating a statutory attorney's lien intended to preserve or create a nonstatutory lien.
 
 
 23
 In passing upon the questions raised, we deem it unnecessary to consider whether any of appealing counsels' efforts 'created' the funds on which the lien purportedly attaches.
 
 
 24
 Finding no clear error in the trial court's holding that there exists no common law attorney's lien in Alaska, and that there had been no compliance by appellant's counsel with terms of the Alaska statute recognizing attorney's liens, we need not reach the two remaining theories urged by appellees to defeat appellant's claim, and in support of the district court's rulings.[2]
 
 
 25
 We affirm. Each party on appeal is to bear their own costs.
 
 
 
 [1]
 Appellant urges that 'Pitcher could sue First National Bank but delay would (have) result(ed) in Pitcher's money going to (the United States) comptroller (in Washington) and (cause) irreparable harm due to years of ensuing delay.' (Brief, p. 9(d); Tr. p. 138.)
 
 
 [2]
 Namely, that there was a waiver by appellant's counsel in signing the stipulation, and that their lien rights, if any, are subordinate to prior assignments. (A.S. 34.35.430(b).)